MAYER, appellant, v. MAYOR OF NEW YORK.

*Assessment — when void — paid by mistake may be recovered back — Demurrer.*

Plaintiff, who was the owner of a lot in New York city, assessed for a street improvement intending to pay the assessment thereon, by mistake paid an assessment for the same improvement upon an adjoining lot not owned by him. The assessment upon the adjoining lot was afterward declared invalid and vacated by an order of the court. *Held,* that plaintiff could recover back the amount paid, and a demurrer would not lie to a complaint stating these facts as a cause of action against the city. *Allen* v. *Mayor of N. Y.,* 4 E. D. Smith, 404, followed.

APPEAL from an order made at the special term sustaining a demurrer to the complaint. The action was brought by Bernhard Mayer against the Mayor, Aldermen and Commonalty of the city of New York to recover the amount of an assessment paid by mistake. The complaint contained the following averments.

"*First.* That at the times hereinafter mentioned the plaintiff was the owner of a certain lot or piece of land lying in the city of New York, and described in the assessment list hereinafter mentioned, as ward-number 28 in block 98. *Second.* That on the 9th day of January, 1871, an assessment list was confirmed by the board of revision and correction of the city of New York for paving Fifty-first street from Eighth avenue to the Hudson river in said city, whereby an assessment was laid upon said lot, ward-number 28, in block 98, and the adjoining lot, ward-number 27, in block 98. *Third.* That on the 22d day of April, 1871, the plaintiff intending to pay the assessment aforesaid laid upon his said lot, ward-number 28, in block 98, by mistake paid the said assessment laid upon said adjoining lot, ward-number 27, in block 98. That the plaintiff did not own said lot, ward-number 27, nor was he obliged, or under any obligations of any kind to pay the assessment thereon, but paid the same entirely under a misapprehension of the facts; supposing at the time of such payment that said lot, ward-number

27, was his lot. *Fourth.* That the plaintiff paid said assessment on said lot, ward-number 27, amounting to one hundred and seventy-one dollars and seventy-seven cents ($171.77) to the defendants by their servant or agent, the collector of assessments of the city of New York, who was authorized to receive and collect all such assessments. *Fifth.* That said assessment, confirmed as aforesaid, was void so far as it applied to said lot, ward-number 27, in block 98, and was vacated and set aside, as being illegal and void, by an order entered at chambers on the 21st day of December. 1871, by the Hon. ALBERT CARDOZO, one of the justices of the supreme court for the State, county and city of New York." *Sixth.* The complaint alleged the proper presentments to the comptroller, and demands of adjustment, and refusal and non-payment. Judgment was asked for $171.77, interest and costs, etc.

To this complaint a demurrer was interposed upon the ground that it did not state facts sufficient to constitute a cause of action against defendants.

*Neville & Andrews,* for appellant.

*E. Delafield Smith,* for respondent. Money voluntarily paid to a person authorized to receive it, with knowledge or means of knowledge of the facts upon which the demand is founded, cannot be recovered back. *Mowatt* v. *Wright,* 1 Wend. 355; *Sprague* v. *Birdsall,* 2 Cow. 419; *Clarke* v. *Dutcher,* 9 id. 674; *Supervisors of Onondaga* v. *Briggs,* 2 Den. 26; *Wyman* v. *Farnsworth,* 3 Barb. 369; *Mut. Life Ins. Co.* v. *Wager,* 27 id. 354; *Sanford* v. *Mayor of N. Y.,* 33 id. 147; *Com. Bank of Roch.* v. *City of Rochester,* 42 id. 488; *Rector of Trinity Church* v. *Mayor of N. Y.,* 10 How. 138; *Fleetwood* v. *City of N. Y.,* 2 Sandf. 475; *Forrest* v. *Mayor of N. Y.,* 13 Abb. 350; *N. Y. & Harlem R. R. Co.* v. *Marsh,* 12 N. Y. 308; *Swift* v. *City of Poughkeepsie,* 37 id. 511.

This case was not within the rule that money paid under a mutual mistake of facts may be recovered back. There was no mutual mistake of fact. *Franklyn Bank* v. *Raymond,* 3 Wend. 69; *Burr* v. *Veeder,* id. 412; *Wheadon* v. *Olds,* 20 id. 174; *Utica Bank* v. *Van Gieson,* 18 Johns. 485; *Canal Bank* v. *Bank of Albany,* 1 Hill, 287; *Bank of Commerce* v. *Union Bank,* 3 N. Y. 230; *Adams* v. *Cole,* 1 Daly, 147.

BRADY, J. The plaintiff was the owner of premises designated by ward-number 28, in block 98, adjoining lot designated as 27 in

same block. An assessment had been imposed upon his lot, and he proceeded to pay it, but by mistake paid the assessment which had been laid upon lot 27, and which was subsequently declared to be void. These facts are admitted by the demurrer. The case of *Allen* v. *Mayor of New York*, 4 E. D. Smith, 404, is an authority in favor of the plaintiff's right of action. It is not distinguishable in principle from this case. The plaintiff there was notified that his lands were assessed, and he paid the amount indicated. He subsequently discovered that no assessment had been imposed upon his lots, but upon other lots in the same street in which his were situated, and which were supposed to belong to his grantor, to whom the notice of assessment was directed. The defendants claimed that by the payment, their lien upon the lots actually assessed was extinguished, and urged against the plaintiff's recovery, that he was guilty of laches in not advising himself of the facts. The plaintiff's right of action was maintained. Justice WOODRUFF, who expressed the opinion of the court, said, that the cases cited by him showed that a plain and palpable ignorance of the facts, at the time of the payment, would enable the mistaken party to recover it back, and further, that there was nothing to show that on the rectification of the mistake, the defendants might not proceed by all available means to collect the assessment from the proper source.

It has since been held by the court of last resort, not only that it does not affect the right of the payer to recover, that the mistake arose from a want of care on his part, but that it is equally unavailable to show that the defendant cannot be restored to his original position upon paying the money back. *Kingston Bank* v. *Eltinge,* 40 N. Y. 391; *Union Nat. Bank of Troy* v. *Sixth Nat. Bank of N. Y.*, 43 id. 452; *Duncan* v. *Berlin,* 46 id. 685; *Lawrence* v. *Am. Nat. Bank,* 54 id. 432; *Nat. Bank of Commerce* v. *Nat. Mech. Banking Assoc.*, 55 id. 211.

The party having the legal right must prevail. The recovery in cases of this character rests on the principle that in equity and good conscience the money should be restored. It does not comport with the dignity and power of the defendants, as a corporation, that it should retain money thus received, unless its payment was productive of loss.

We are not advised of this. There is nothing to show such a result. In the legal aspect of this case as presented, the conclusion is otherwise, the land being liable for the assessment which was laid

upon it. It may be said with propriety that the person to whom the plaintiff paid the money supposed, nay, believed, that the payment was made by the owner of the lot to which the payment related, or his representative. If he had known or supposed him to be otherwise, it would not have been good faith to have received it without inquiry. Although the case in 40 N. Y., supra (Kingston Bank v. Eltinge), seems to set at rest the proposition that the receiver cannot be called on to refund, when the discharge of that duty will damnify him, it may yet perhaps be regarded as an open question.

The cases cited discuss the doctrine of estoppel in pais, and although there seems to be no place in this controversy for the application of such principle, nevertheless, the defendants should have this opportunity of assailing the validity or good faith of the plaintiff's claim, if they can do so, by answer to be interposed. The recovery of the plaintiff, assuming the facts to be as stated and admitted, must commend itself to every tribunal, for the assessment paid was subsequently declared void, and it had no merit as a claim. Indeed, it is as if no assessment had been imposed at all, and this in effect becomes, in all respects, like the case of Allen v. Mayor of New York, supra.

The plaintiff having paid money under a plain, palpable mistake, the judgment rendered in the court below was wrong, and should be reversed, but with liberty to the defendants to answer on payment of costs.

Ordered accordingly.